**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEROME SPRINGER, | : | Civil No.: 10-967 (RBK) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| UNITED STATES OF AMERICA, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    JEROME SPRINGER, Petitioner Pro Se
    # 277606/851647A
    South Woods State Prison
    215 Burlington Road
    South Fort Dix, NJ 08640

    DIANA V. CARRIG, AUSA
    OFFICE OF THE U.S. ATTORNEY
    401 Market Street, Fourth Floor
    Camden, New Jersey 08101
    Counsel for Respondent

**KUGLER**, District Judge

    On or about December 28, 2009, petitioner, Jerome Springer ("Springer"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he seeks the Court to lift a federal parole detainer lodged against him. Pursuant to this Court's direction on February 1, 2010 (docket entry no. 2), the Government answered the petition on March 8, 2010. (Docket entry no. 3). Springer filed a letter reply on March 30, 2010.

(Docket entry no. 5).  For the reasons set forth below, Springer's application for relief will be denied.

## I.  BACKGROUND

Springer was convicted of bank robbery in the United States District Court for the District of New Jersey on November 10, 1987, and sentenced to a term of 15 years in prison. (Respondent's Exhibit A - Judgment of Conviction).  Springer was thereafter released on federal parole on or about December 14, 1995, into state custody to serve his prior state sentence for multiple robbery, weapons, and theft convictions.  (Resp. Ex. B). Springer served his state sentence and was released into the community on January 20, 1998, at which point he was immediately subject to federal parole supervision.  However, while on federal parole, Springer committed several state crimes.  First, he was arrested on March 13, 1998 and charged with receiving stolen property.  He was released on $500.00 bail that same day.  Then, on March 19, 1998, Springer was arrested and charged with first degree robbery, second degree weapons offenses, fleeing or attempting to elude a police officer and conspiracy to commit robbery, and third degree offenses including aggravated assault which involved pointing a gun at a person, two counts of possession of a handgun, and possession of stolen property.

Springer was convicted and sentenced on these state offenses as follows.  On October 15, 1998, Springer pled guilty to

receiving stolen property and was sentenced to four (4) years in prison to run concurrent with his federal parole violations.  On April 15, 1999, Springer was convicted on one count of first degree robbery and one count of second degree eluding, and sentenced to serve an aggregate term of eighteen (18) years in prison with a six (6) year period of parole ineligibility, to run concurrent with "the sentence presently being served."  (Resp. Exs. C and D - October 15, 1998 and April 15, 1999 state court judgments of conviction).  Springer currently is serving his state court sentences at South Woods State Prison, where he is confined.

    In addition to violating his federal parole by commission of these state criminal offenses, Springer also violated other conditions of his federal parole supervision, namely, failure to report to parole officer, failure to notify as to a change in address, and possession of a firearm or other dangerous weapons.  Accordingly, on April 24, 1998, a federal parole warrant was issued and subsequently, a detainer was lodged against Springer.  (Resp. Ex. F).  A supplemental federal parole warrant was issued on August 27, 2002.  (Id.).  Thus, when Springer completes his state prison term, he will be transferred to federal custody to serve his parole violations for a term to be determined by the United States Parole Commission ("USPC") in accordance with their guidelines.

Springer has sought twice to have his detainer lifted by the USPC, but on both occasions, the USPC denied the relief sought. (Resp. Ex. F - May 14, 2004 and June 2, 2004 Notices of Action).

Springer brings this habeas petition, complaining that the federal parole warrant lodged against him prevents him from participating in several rehabilitative programs offers at state prison to obtain a reduced custody status. He seeks to have his federal parole detainer lifted and have this Court order that both his federal and state terms be served concurrently.

## II.   DISCUSSION

A.   Standard of Review

Springer appears to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).[1] That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble,

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless-   (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Petition Must be Dismissed

A petition for a writ of habeas corpus must be directed against the entity with custody or legal control over the petitioner.  See 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained ... [and t]he person to whom the writ or order is directed shall make a return certifying the true cause of detention."); Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) (stating that where "a habeas petitioner ... challenges a form of 'custody' other than present physical confinement," the proper respondent is "the entity or person who exercises legal control with respect to the challenged custody.").  Here, however, the named respondent, the United States (or the United States Parole Commission), has neither custody nor legal control over Springer at this time.

Accordingly, petitioner cannot be granted the relief he seeks.  Specifically, the Court finds that the deprivation of

5

which Springer complains-his preclusion from participating in prison rehabilitative programs-would remain a deprivation imposed by the state having custody over him, more specifically, the New Jersey Department of Corrections, and not by any federal authority.  Cf. Caruso v. United States Bd. of Parole, 570 F.2d 1150, 1155 (3d Cir. 1978)("He does not nor can he charge that the federal Parole Board is denying him access to prison programs ... because it has issued a parole violator warrant.... [Rather], it is the State of New Jersey, not the federal authorities, which is alleg[edly] depriving [petitioner] of his 'rights'.  As such, whatever the basis for [petitioner's] charges (and we express no view as to their validity), the appropriate targets for [his] attack are state prison officials....").

Petitioner appears to argue that the collateral consequences of the continued parole detainer warrant violates his right to due process.  Respondents disagree, arguing that under Moody v. Daggett, 429 U.S. 78 (1976), Petitioner is not entitled to the due process protections with regards to the parole revocation process until the warrant is executed and he is taken into custody as a parole violator.  Respondents further reply that the collateral consequences of the detainer do not deprive Petitioner of his right to due process.  As will be explained in greater detail below, the Court finds that consistent with Moody, the USPC was under no obligation to hold Petitioner's parole

revocation hearing before the conclusion of his state court sentence and the execution of the warrant, and that Petitioner has no protectable liberty interest in the benefits, including eligibility for early release, that he was denied due to the detainer.

It is by now well-established that a parolee facing revocation of parole has a constitutional liberty interest in his freedom, despite its conditional and qualified nature.  Morrissey v. Brewer, 408 U.S. 471, 483 (1972).  As a consequence, the government may not revoke parole without providing due process as required by the Fifth or Fourteenth Amendments to our Constitution.  Morrissey, 408 U.S. at 483; United States v. Lloyd, 566 F.3d 341, 343 (3d Cir. 2009).  Among the requirements necessary to comport with due process, a Petitioner is entitled to a revocation hearing within a reasonable time after being taken into custody.  Morrissey, 408 U.S. at 487-89; United States v. Dobson, 585 F.2d 55, 61 (3d Cir. 1978).  These rights do not attach, however, until the execution of a parole violator warrant "for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."  Moody, 429 U.S. at 87.

However, a federal prisoner serving his sentence for a criminal conviction that also amounts to a violation of parole for an earlier conviction has lost his liberty not because of the

7

outstanding parole violator warrant, but because of the criminal conviction.  Id. at 86-87.  "Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the [USPC's] intent to defer consideration of parole revocation to a later time."  Id. at 86.  Thus, "a federal parolee, when convicted of and imprisoned by federal authorities for another crime committed while on parole, has no right to a prompt revocation hearing upon the issuance of a parole violator warrant based on that second crime."  U.S. ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1153 (3d Cir. 1978).

In the instant case, Petitioner presently is in custody at the South Woods State Prison serving his state court sentence. Generally, consistent with federal regulations, the USPC must schedule a revocation hearing within ninety days of execution of the violator warrant.  28 C.F.R. § 2.49(f).  Petitioner appears to suggest that the delay from the imposition of the detainer until its anticipated execution is unreasonable and deprives him of a protected liberty interest without due process.  However, in this case, Petitioner cannot avail himself of this argument, for until the warrant is executed, he has no lost no liberty interest due to the outstanding parole violator warrant.  See Moody, 429 U.S. at 86-87; U.S. ex rel. Caruso, 570 F.2d at 1153.

Petitioner also argues that the imposition of the detainer and delay in executing the warrant deny him the opportunity to

participate in prison rehabilitation and early release programs, which Petitioner contends is a deprived liberty interest without due process. These collateral consequences of the detainer do not, however, rise to the level of a constitutional deprivation for which habeas relief can be granted.[2]

The Supreme Court in Moody directly addressed and rejected a similar argument, where the petitioner maintained "that the

---

[2] In general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification, so long as the conditions or degree of the inmate's confinement falls within the sentence imposed upon him and does not otherwise violate the U.S. Constitution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976); Moody, 429 U.S. at 88 n. 9 (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008)(it is well established that an inmate has no liberty interest in a particular custody level or place of confinement). See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U .S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met). See also Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007)(inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility); Day v. Nash, 191 Fed. Appx. 137, 139-40 (3d Cir. 2006)(upholding application of a public safety factor to inmate's custody classification which prevented inmate's placement in a minimum security camp).

pending warrant and detainer adversely affect [ed] his prison classification and qualification for institutional programs." 429 U.S. at 88 n. 9.  The Supreme Court declined to grant relief for the denial of such benefits that are left to the "full discretion" of prison officials and so the petitioner had "no legitimate statutory or constitutional entitlement sufficient to invoke due process."  Moody, 429 U.S. at 88 n. 9; see Becerra v. Miner, 248 F. Appx. 368, 370 (3d Cir. 2007)(inmate assigned public safety factor of "deportable alien" had no liberty interest in his consequential disqualification for certain institutional programs); Richardson v. Joslin, 501 F.3d 415, 419-20 (5th Cir. 2007)(prisoner's inability to pursue early release due to his detainer does not implicate his due process rights, for he had no liberty interest in a sentence reduction under Section 3621(e)); James v. DeRosa, Civil No. 04-3808, 2005 WL 2247951, at *3-4 (D.N.J. Sept. 14, 2005)(holding that the existence of a detainer is "a legitimate factor to consider in determining eligibility for custody-related programming," specifically the community transitional services component of the BOP substance abuse treatment program, and thus an inmate with a detainer cannot challenge the BOP decision on these grounds). See also Meachum, 427 U.S. at 226-28 (holding that a statute which grants the prison administration discretion does not confer a right on an inmate).

Therefore, in the absence of a protectable interest in either his prison classification, his qualification for rehabilitative programs, or early release, Petitioner cannot show a constitutional deprivation as a result of the existence of the parole violator detainer or the delay in holding a parole revocation hearing.  See Merriweather v. U.S. Parole Comm'n, No. 08-1977, 2009 WL 1684589, at *5 (E.D. Cal. June 16, 2009) (petitioner not entitled to relief based on fact that parole violator detainer prevented placement in a halfway house and early release); Bovio v. U.S. Parole Comm'n, No. 06-15213, 2008 WL 1808323 (E.D. Mich. Apr. 21 2008)(same); Evans v. Frank, No. 07-631, 2007 WL 4207517 (E.D.Wis. Nov. 26, 2007)(same).  The Court having found the Petitioner was not deprived of due process as a result of the detainer and delay in receiving a parole revocation hearing or the collateral consequences of that delay, his present incarceration is lawful and the Court will deny his request for habeas relief for lack of merit.

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be denied for lack of merit. An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 20, 2010